UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LEAH ROBERSON; MATTHEW ROBERSON; ANTHONY GALLAGHER,<br><br>         Plaintiffs,<br><br>     v.<br><br>ANATOLY FAURYAN; REES ENTERPRIZES, INC.; DOE TRAILER 1; DOE TRAILER 2; DOES ONE THROUGH TWENTY,<br><br>         Defendants.<br>_____/ | NO. CIV. 2:11-2999 WBS DAD<br><br><u>MEMORANDUM AND ORDER RE:<br>MOTION TO REMAND</u> |

----oo0oo----

Plaintiffs Leah Roberson, Matthew Roberson, and Anthony Gallagher brought this action against defendants Anatoly Fauryan and Rees Enterprizes, Inc. ("Rees Enterprizes"), stating claims arising out of a motor vehicle accident involving a trailer driven by Fauryan, an employee of Rees Enterprizes.  Presently before the court is plaintiffs' motion to remand.

///

///

1

I.   Factual and Procedural Background

Plaintiffs allege that, on January 17, 2010, their motor vehicle was struck by a tractor trailer driven by Fauryan. (Compl. at 4; Mot. to Remand at 3:11-13 (Docket No. 5.).) They further allege, and Rees Enterprizes agrees, that Fauryan was acting in the scope of his employment with Rees Enterprizes when the accident occurred. (Compl. at 4; Not. of Removal ¶ 5 (Docket No. 1).)

On October 19, 2011, plaintiffs, who are California residents, filed suit in state court against Fauryan, a California resident, and Rees Enterprizes, a Washington corporation. (Not. of Removal ¶ 1, Ex. A.) Rees Enterprizes was served on October 26, 2011, (id. ¶ 2, Ex. B), and filed a Notice of Removal on November 10, 2011, (Docket No. 1). Fauryan was served on November 12, 2011. (Bozarth Decl. Ex. C at 5.)

Plaintiffs now move to remand this action to state court on the grounds that removal was improper as this court lacks subject matter jurisdiction over the proceeding. (Docket No. 5.)

II.  Discussion

A.   Remand to State Court

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). The Ninth Circuit strictly construes the removal statute against removal jurisdiction, and the party seeking removal bears the burden of

2

establishing federal jurisdiction.  <u>Geographic Expeditions, Inc. v. Estate of Lhotka</u>, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992)).  Any questions regarding the propriety of removal are resolved in favor of the party moving for remand.  <u>Matheson v. Progressive Speciality Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003).  If removal was improper, "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court."  <u>Toumajian v. Frailey</u>, 135 F.3d 648, 653 (9th Cir. 1998) (citing 28 U.S.C. § 1447(c)).

Federal courts have original jurisdiction over cases where all parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Here, the parties do not dispute that the amount in controversy exceeds $75,000.  The remaining issue, therefore, is whether diversity exists between all parties.

On the face of the Complaint, it seems clear that complete diversity does not exist between all parties as Fauryan and plaintiffs are California citizen and that, therefore, removal was improper.  Rees Enterprizes, however, argues that Fauryan is a fraudulently joined defendant and that the court should therefore disregard his citizenship for purposes of determining diversity jurisdiction.  (Def.'s Opp'n to Pls.' Mot. for Remand at 3:25-4:6 (Docket No. 6).)

A non-diverse defendant may be disregarded for purposes of complete diversity if that defendant was fraudulently joined.  <u>Hamilton Materials Inc. v. Dow Chem. Corp.</u>, 494 F.3d 1203, 1206 (9th Cir. 2007).  A plaintiff has fraudulently joined a defendant

3

when the "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). There is a general presumption against a finding of fraudulent joinder, and the removing party must prove by clear and convincing evidence that joinder was fraudulent. Hamilton Materials Inc., 494 F.3d at 1206. If there is a "non-fanciful possibility that the plaintiffs can state a claim against the non-diverse defendant, the [district] court must remand." Vu v. Ortho-McNeill Pharm., Inc., 602 F. Supp. 2d 1151, 1154 (N.D. Cal. 2009).

Plaintiffs bring claims against Fauryan alleging negligence and against Rees Enterprizes under the doctrine of respondeat superior and as a motor carrier[1] responsible for the negligence of the operator of one of its vehicles. Rees Enterprizes seems to admit that it would be liable under either theory, and claims that its liability would eliminate the liability of its employee, making it impossible for plaintiffs to state a claim against both defendants. However, this is not the case.

First, when an employee commits a tort, the employee is always personally liable to the victim of that tort. Cal. Civ. Code § 2343; 3 Witkin, Summary of Cal. Law Agency and Employment § 199, p. 252 (2005). The doctrine of respondeat superior does not eliminate the employee's liability, rather it merely allows a

---

[1] The Complaint does not allege that Rees Enterprizes is a motor carrier, but as both parties accept the fact in their pleadings, the court will assume the fact to be true.

4

plaintiff to <u>also</u> assert claims against the employer. <u>Hartford Fire Ins. Co. v. Fellin</u>, Nos. E030795, E031280, 2003 WL 1299076, at *6 (4th Dist. Mar. 19, 2003).

Second, the statutes cited by defendant that hold motor carriers "entirely" liable for harm caused by the negligent operation of a truck regardless of the employment relationship with the operator, (Def.'s Opp'n to Pls.' Mot. for Remand at 3:8-17 (citing 49 U.S.C. §§ 13501 et seq., 31100 et seq.; Cal. Veh. Code §§ 34500 et seq.)), do not eliminate operator liability. One purpose of the federal statutes cited by defendant is to ensure that motor carriers are "fully responsible for the maintenance and operation of [their] equipment and the supervision of [their] drivers, thereby protecting the public from accidents, preventing public confusion about who was financially responsible if accidents occurred, and providing financially responsible defendants." <u>Castro v. Budget Rent-A-Car Sys. Inc.</u>, 154 Cal. App. 4th 1162, 1171-72 (2d Dist. 2007) (quoting <u>Morris v. JTM Materials, Inc.</u>, 78 S.W.3d 28, 37–38 (Tex. Ct. App. 2002) (footnote omitted)). In other words, the statutes "render . . . carriers vicariously liable, notwithstanding traditional principles of agency, for injuries sustained by third parties resulting from the negligence of the drivers of . . . vehicles. <u>Id.</u> at 1172 (quoting <u>Johnson v. S.O.S. Transp., Inc.</u>, 926 F.2d 516, 521 (6th Cir. 1991)). Thus, like the doctrine of respondeat superior, federal statutes governing motor carriers provide plaintiffs with an additional claim, rather than replacing a claim against a wrongful operator with a claim against a motor carrier. As the only state statutes cited by

5

1  Rees Enterprizes regulate the safety standards applicable to
2  larger vehicles, see Cal. Veh. Code § 34500, defendant has not
3  pointed to anything in the California Vehicle Code that would
4  eliminate Fauryan's liability.  In fact, as plaintiffs point out,
5  the California Vehicle Code states that in an action against the
6  owner of a motor vehicle for the negligent act of the operator of
7  a vehicle, "the operator shall be made a party defendant if
8  service of process can be made in a manner sufficient to secure
9  personal jurisdiction over the operator," suggesting that Fauryan
10 is a required party.  See Cal. Veh. Code § 17152.
11         Rees Enterprizes has not shown that plaintiffs may not
12 state a viable claim against Fauryan.  Accordingly, it has not
13 proven by clear and convincing evidence that joinder as to
14 Fauryan was fraudulent.
15         Rees Enterprizes additionally argues that Fauryan's
16 citizenship is immaterial because it was able to remove this
17 action two days before service was effected on Fauryan.
18 According to Rees Enterprizes, the fact that service had not yet
19 been effected on the non-diverse defendant meant that diversity
20 jurisdiction existed at the time of removal and, therefore,
21 removal was proper.  In support of this contention, it cites to
22 language in § 1444(b) that makes removal in diversity cases
23 available "only if none of the parties in interest properly
24 joined and served as defendants is a citizen of the State in
25 which such action is brought."  28. U.S.C. § 1444(b).
26         However, "[s]ection 1332's complete diversity
27 requirement and the 'local defendant' rule under section 1441(b)
28 are two entirely separate considerations for purposes of

6

analyzing whether removal is proper." Ibarra v. Protective Life Ins. Co., No. CV-09-049, 2009 WL 1651292, at *4 (D. Ariz. June 12, 2009). The local defendant or forum defendant rule is a limitation only in cases where complete diversity exists between the parties that would otherwise create federal jurisdiction. Id. at *1. That is not the case here, where plaintiffs and Fauryan are both citizens of California.

"The case law is clear that a defendant who is a citizen of plaintiff's state destroys complete diversity, regardless of whether that defendant was properly served prior to removal." Jennings-Frye v. NYK Logistics Americas Inc., No. 2:10-cv-09737, 2011 WL 642653, at * 3 (C.D. Cal. Feb. 11, 2011), see also Preseau v. Prudential Ins. Co., 591 F.2d 74, 78 (9th Cir. 1979) ("This court has specifically rejected the contention that § 1441(b) implies that service is the key factor in determining diversity."); Pecherski v. Gen. Motors Corp., 636 F.2d 1156, 1161 (8th Cir. 1981) ("[W]e decline to read section 1441(b) as expanding removal jurisdiction, but rather conclude that section 1441(b) did not change the removal requirement . . . that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service."). Moreover, this circuit has found that § 1441(b) was intended to limit, not expand, removal jurisdiction. Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 n.1 (9th Cir. 1969). The interpretation advocated by Rees Enterprizes, under which a single diverse defendant who happens to be served first could manufacture federal jurisdiction by racing to the courthouse, would have the opposite effect of

7

greatly expanding removal jurisdiction.  It does not matter for purposes of determining diversity, therefore, whether Fauryan was "properly joined and served" at the time that Rees Enterprizes removed the proceeding.

Fauryan is a legitimate named defendant and is a citizen of the same state as plaintiffs.  Accordingly, complete diversity does not exist and there was no federal jurisdiction to support removal.

B.  Costs and Attorney's Fees

Plaintiffs request an award of attorney's fees incurred as a result of removal.  (Mot. to Remand at 8:5-7.)  Upon granting a motion for remand, a federal court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).

Here, Rees Enterprizes relied on two grounds to argue that removal was proper.  First, it relied on the "joined and served" language of § 1441(b) to show that complete diversity existed at the time of removal.  Such reliance was not reasonable, as that language is only applicable to forum defendants who prevent removal in instances where complete diversity would otherwise support it.  Second, it argued that the

8

ability to hold an employer liable for the torts of its employee or to hold a trailer-truck owner liable for the torts of its operator does away with the ability to state a claim against the employee/operator.  This argument misunderstands basic legal principles, and is therefore unreasonable.  As Rees Enterprizes' bases for removal were wrong as a matter of law, the court will grant plaintiffs' motion for attorney's fees.  See <u>Balcorta v. Twentieth Century-Fox Film Corp.</u>, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000) (awarding attorneys' fees "when a defendant's removal, while 'fairly supportable,' was wrong as a matter of law").  Accordingly, the court will grant plaintiffs' request for costs and attorney's fees in the amount of $3,000.

IT IS THEREFORE ORDERED that plaintiffs' motion to remand be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion for attorney's fees be, and the same hereby is, GRANTED.

DATED:  January 30, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

9